712 N.W.2d 730 (2006)
474 Mich. 1145
DETROIT/WAYNE COUNTY STADIUM AUTHORITY, Plaintiff-Appellee/Cross-Appellant,
v.
DRINKWATER, TAYLOR AND MERRILL, INC., Defendant-Appellant/Cross-Appellee.
Detroit/Wayne County Stadium Authority, Plaintiff-Appellee/Cross-Appellant,
v.
Mary Toovalian, a/k/a Marie Toovalian, Nora March, and Ardames Janoyan a/k/a Janoyan Ardameas, Defendants-Appellants/Cross-Appellees.
Detroit/Wayne County Stadium Authority, Plaintiff-Appellee/Cross-Appellant,
v.
Bimini Properties, Inc., Defendant-Appellant/Cross-Appellee, and
Richard N. Moll, Defendant.
Detroit/Wayne County Stadium Authority, Plaintiff-Appellee/Cross-Appellant,
v.
Bimini Properties, Inc., Defendant-Appellant/Cross-Appellee, and
Virginia Moll, Defendant.
Docket Nos. 129946-129949 & (118). COA Nos. 251799-251802.
Supreme Court of Michigan.
May 5, 2006.
*731 On order of the Court, the application for leave to appeal the August 9, 2005 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant are considered, and they are DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
CORRIGAN, J., concurs and states as follows:
I concur in the order denying leave to appeal. I write separately to clarify that nothing in the published Court of Appeals decision should be taken as affecting our decision in Wayne Co. v. Hathcock, 471 Mich. 445, 684 N.W.2d 765 (2004). Moreover, the issue presented here is of diminished jurisprudential significance in a post-Hathcock world.
In these cases, plaintiff Detroit/Wayne County Stadium Authority initiated condemnation proceedings to acquire and assemble various parcels of property for use in constructing stadiums for the Detroit Lions (Ford Field) and the Detroit Tigers (Comerica Park). The parties here never asserted that the government lacked authority to condemn the properties in question, but only disputed the proper amount of "just compensation" for the taking of those properties. Thus, this case involves different issues than those presented in Hathcock.
I nevertheless write to state that the government's use of eminent domain powers to seize and assemble parcels of property from private owners for ultimate transfer to another private entity should not occur in a post-Hathcock environment. Our holding in Hathcock clearly prohibits the condemnation of private property for delivery to another private entity as it does not constitute a "public use" as contemplated by Const 1963, art 10, § 2. Hathcock, supra at 477-483, 684 N.W.2d 765. In any event, this case presents an issue of diminished jurisprudential significance in light of Hathcock. Moreover, as stated above, defendants did not contest the government's authority to condemn the properties in question. I thus concur in the order denying leave to appeal.
CAVANAGH, J., would grant leave to appeal.
WEAVER, J., would hear argument on the application for leave to appeal.